# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                      **Case No. 03-CR-194**

**FREDERICK MITCHELL**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Frederick Mitchell filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's November 1, 2007 amendments to the crack cocaine guidelines. Because those amendments do not lower defendant's sentencing guideline range, his motion must be denied.

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission designates amendments for retroactive application in policy statement 1B1.10(c), and eligibility for a reduction under § 3582(c)(2) is triggered only by amendments listed therein. U.S.S.G. § 1B1.10 cmt. n.1. The Commission has included the recent crack amendments, numbers 706 and 711, in § 1B1.10(c). However, a reduction is not authorized under § 3582(c)(2) if an "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2008).

In the present case, although defendant pleaded guilty to conspiracy to distribute crack and powder cocaine, his offense level under the guidelines was based solely on powder cocaine.[1]  Because I did not employ the crack cocaine guideline in setting defendant's offense level, amendments 706 and 711 do not lower the range upon which he was sentenced.  He is therefore ineligible for a reduction under § 3582(c)(2), and his motion (R. 735) must be and hereby is **DENIED**.[2]

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

_____

[1]At defendant's original sentencing, I adopted a final offense level of 35 (base level 36 based on a drug weight of 50-150 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(2), plus 2 for weapon possession, § 2D1.1(b)(1), and minus 3 for acceptance of responsibility, § 3E1.1) and a criminal history category of I, producing an imprisonment range of 168-210 months.  I then imposed a non-guideline sentence of 135 months based on the 18 U.S.C. § 3553(a) factors.  I later reduced the sentence to 97 months on the government's Fed. R. Crim. P. 35(b) motion.

[2]In his motion, defendant notes his commendable post-sentencing conduct.  This is a factor the court may consider in deciding whether to grant a reduction to a defendant found eligible under § 3582(c)(2), as well as in determining the extent of the reduction.  See U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).  However, because defendant is ineligible under 18 U.S.C. § 3582(c)(2), I do not consider the factors set forth in application note 1(B) to the guideline.

2